No. 20,212.

Joyce Elizabeth Gomez *v.* The People of the
State of Colorado.
(381 P. [2d] 816)

Decided May 20, 1963.

Mr. Isaac E. Moore, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank
E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, Mr.
John E. Bush, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Joyce Gomez and Roberta Taylor were jointly tried
and convicted by a jury of conspiring on November 1,
1960, to commit the crime of larceny from the person
of one Edward Cook. By the present writ of error

Gomez alone seeks reversal of the judgment and sentence entered pursuant to the verdict of the jury.

The only assignment of error pertains to the sufficiency of the evidence, Gomez contending that the trial court erred in refusing to direct a verdict in her favor and, a fortiori, that the evidence does not support the subsequent determination by the jury that she is guilty of the crime of conspiracy. From a careful review of the record we conclude that her contention is without merit. However, inasmuch as the legal sufficiency of the evidence has been challenged, it becomes necessary to review the record before us in some detail in order to give meaning to our conclusion that there is evidence to support the verdict.

The evidence adduced by the People established the following:

1. That Cook, a locomotive engineer, got off work at about midnight, on November 1, 1960, and he was going via automobile from the roundhouse at 40th Avenue and Williams Street in Denver to his home in southwest Denver when he encountered Gomez and Taylor at 26th Avenue and Welton Street;

2. That Cook at this time had approximately $340 in his wallet, $75 of which was secreted in an inside compartment of the wallet, the balance of the currency being in the wallet proper;

3. That Cook had this comparatively large amount of money on his person because this was his pay day, and he had cashed his pay check, getting "paid in ten dollar bills";

4. That while Cook was stopped for a traffic light at 26th Avenue and Welton Street, Gomez and Taylor with no invitation opened the right-hand door of his car and proceeded to deposit themselves on the front seat;

5. That Gomez, who was seated immediately next to Cook, asked or "ordered" him to drive on, stating: "Help us out; this girl's [Taylor's] husband is going to kill

her," and that one of the two women stated that Taylor's husband was armed with a gun;

6. That Cook promptly proceeded to drive for several blocks, but when he got over his "surprise" stopped the car and ordered the two women to leave his car;

7. That the two refused to leave, whereupon Cook got out of his car, went around it and opened the right-hand door, and with only little difficulty succeeded in getting Taylor out of the automobile;

8. That with his back turned to Taylor he then proceeded to forcibly evict Gomez from his car, that she initially resisted, but after considerable struggle he was able to pull her out of his car by the coat collar;

9. That about this time he realized for the first time that his wallet which he carried in his left rear trousers pocket was missing;

10. That Gomez and Taylor then broke and ran, whereupon he gave hot pursuit, and after a four to five block chase espied the two crouching down on the floor board of the front seat of an abandoned automobile;

11. That he opened the left-hand front door of this auto and saw Taylor and Gomez "down on the floor board attempting to hide";

12. That as he was in the act of pulling Taylor out of the car the police arrived, whereupon Gomez got out of the front door on the right-hand side of the vehicle, crying "rape";

13. That a subsequent search of this auto by the police revealed 26 ten dollar bills under the front seat in such a position that they could not have been accidentally "dropped there," because they were a foot or so back under the seat;

14. That search of Cook's automobile by the police thereafter disclosed that his wallet was "pushed down in the crack on the [front] seat quite a ways"; and

15. That though Cook's wallet still contained the $75 hidden in the inside compartment, the remainder of his currency was missing.

■ The foregoing resume demonstrates quite clearly that the trial court did not commit error in submitting the case to the jury, and that actually there is ample evidence to support the jury's verdict.

True, there was evidence to the contrary. Although Taylor elected not to testify, Gomez did testify in her own behalf, and her testimony was radically different from that of Cook in virtually all particulars, as under the circumstances might well be expected. However, no good purpose would be served by detailing Gomez' testimony, as it did no more than create a conflict in the evidence and thereby pose a disputed issue of fact properly to be resolved by the jury. See *Hampton v. People*, 146 Colo. 570, 362 P. (2d) 864. There being competent evidence, both of a direct and circumstantial nature, to support the jury's determination, we are not at liberty to set it aside.

■ In support of the general proposition that a conspiracy "need not be proved directly, but may be inferred by the jury from the facts proved," see *LaVielle v. People*, 113 Colo. 277, 157 P. (2d) 621.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE DAY concur.